***********
Based upon information contained in I.C. File LH-0328 and upon an investigation made by the Investigations Section of the Industrial Commission, the Full Commission makes the following:
 FINDINGS OF FACT
1. Decedent, Michael Wayne Copeland, was a Captain in the City of Charlotte Fire Department at the time of his death on 25 January 2003.
2. Decedent's death occurred in the course and scope of his employment when he suffered myocardial infarction during a live fire training exercise. While in full turnout gear, decedent was giving orders and assignments to his crew. As he attempted to assist in pulling hose off the truck, decedent complained of being short of breath. Decedent retrieved his air mask and collapsed. Immediate resuscitation efforts were begun until medical units arrived and transported decedent to a hospital. Decedent was pronounced deceased following unsuccessful efforts to revive him at the hospital.
3. At the time of his death, decedent was not married. Decedent had one daughter, Rhonda Michael Copeland, who was not a dependent child at the time of decedent's death. Decedent had no dependent parents.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Decedent was an eligible employee of the City of Charlotte Fire Department as defined in N.C. Gen. Stat. § 143-166.2(d), at the time of his death on 25 January 2003.
2. Decedent's death was the direct result of injuries incurred while performing his official duties, as defined by N.C. Gen. Stat. §143-166.2.
3. Decedent is not survived by a spouse, dependent children or dependent parents; therefore the award of death benefits is properly paid to decedent's estate pursuant to N.C. Gen. Stat. § 143-166.3.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The sum of $25,000.00 is hereby awarded to the estate of Michael Wayne Copeland. This sum shall be paid from funds appropriated by the State Treasurer for the purpose set forth in N.C. Gen. Stat. §143-166.1 et seq.
2. A copy of this Award shall be furnished the Office of the State Treasurer for the purpose of having compliance with this Award, and the Commission shall be advised of the date or dates of payments made.
3. No costs are assessed before the Commission.
This the ___ day of June, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER